UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERWIN PILGRIM,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-274-JD-MGG

KATHY GRIFFIN, et al.,

    Defendants.

## OPINION AND ORDER

Erwin Pilgrim, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Pilgrim's complaint does not state a claim upon which relief may be granted. He sued these same defendants, Kathy Griffin, Bruce Lemon, and Robert Carter, Jr., in state court for damages stemming from an overturned prison disciplinary hearing and lost. *See Pilgrim v. Griffin*, No. 46D04-2007-SC-805, (LaPorte Sup. Ct. Jan. 27, 2021) (dismissal

order).¹ It appears that here he is directly challenging the state-court dismissal order. But under the *Rooker-Feldman* doctrine, "the lower federal courts lack jurisdiction to review the decisions of state courts in civil cases." *Gilbert v. Ill. St. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983)). "The *Rooker-Feldman* principle prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment." *Gilbert*, 591 F.3d at 900. Therefore, the court does not have the power to hear the case.

Even assuming that Pilgrim is not challenging the state court decision, this case must still be dismissed as untimely. According to the complaint, Pilgrim was found guilty in a prison disciplinary hearing for assaulting another offender. ECF 1 at 2. As a result, he lost good-time credit, was demoted in class credit, and was sentenced to 60 days in the special housing unit. *Id.* Other consequences followed, including the loss of his job, removal from a special prison program, and a transfer to a less-desirable prison. *Id.* at 2-4.

Pilgrim challenged the disciplinary proceeding in a federal habeas corpus proceeding. *See Pilgrim v. Superintendent*, No. 4:15-cv-102-JTM, 2016 WL 6570056 (N.D. Ind. Nov. 3, 2016). His petition was denied, and he appealed to the Seventh Circuit. *See id.* at ECF 11. The Seventh Circuit dismissed the appeal as moot after the prison warden

---

¹ Although the proceedings in the habeas proceedings are outside the four corners of the complaint, the court is permitted to take judicial notice of public records in determining whether the complaint states a claim. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

informed the court that the disciplinary charge was vacated and dismissed and that Pilgrim's good-time credits were restored. *Pilgrim v. Brown*, No. 16-4221, slip op. at 1 (7th Cir. Jan. 10, 2019). According to the filings in the appeal, Pilgrim's disciplinary hearing was overturned on November 5, 2018. *Id.* at Dkt. 37-4. At that point, he was able to sue for claims stemming from the disciplinary hearing, and the clock began running on the statute of limitations. *See Haywood v. Hathaway*, 842 F.3d 1026, 1028 (7th Cir. 2016) (noting that for prison disciplinary proceedings resulting in the loss of good-time credits, "a § 1983 claim does not accrue until the conviction or discipline had been set aside"). Therefore, any federal cause of action stemming from the disciplinary action had to be filed within two years of November 5, 2018. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (statute of limitations for § 1983 claims in Indiana is two years). Pilgrim filed this complaint in April 2021, several months after the statute of limitations expired. Although the statute of limitations is ordinarily an affirmative defense, where it is clear from the face of the complaint that the action is untimely, dismissal at the pleading stage is appropriate. *See O'Gorman*, 777 F.3d at 889; *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That is the case here.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on June 28, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT